THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | 3:21-CR-66 |
| | : | (JUDGE MARIANI) |
| RASHAWN HAWARI-RASULULLAH, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

### I. INTRODUCTION

On March 16, 2021, Defendant Rashawn Hawari-Rasulullah was charged in a three-count Indictment: Count 1 for knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C); Count II for knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count 3 felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1-2.) The Indictment also contains a forfeiture allegation, seeking forfeiture of approximately $2,727.00, the .380 caliber Cobra FS380 handgun, serial number FS112393 related to Counts 2 and 3 of the Indictment, and assorted pistol ammunition. (Doc. 1 at 4.) Trial is scheduled to commence on November 7. 2022.

Here, the Court considers the Government's three motions in limine set forth in Document 91 titled "Motion in Limine." (See Doc. 91 ¶ 4.) First, the Government states that

it intends to introduce evidence pursuant to Federal Rule of Evidence 404(b) at the

bifurcated portion of the trial addressing Count 3 of the Indictment, Felon in Possession of a

Firearm, i.e., Defendant's May 11, 2011, sentence to 60 months of imprisonment after being

found guilty of Felon in Possession of a Firearm in violation of Title 18, U.S.C. § 922(g)(1),

in the Northern District of Ohio.  Second, the Government states that, pursuant to Federal

Rule of Evidence 609, it intends to introduce evidence of two prior convictions if Defendant

testifies at either phase of the trial: 1) May 2011 Felon in Possession conviction; and 2)

2005 Aggravated Robbery conviction.  (Doc. 91 ¶ 4(b)(i)-(ii).)  Third, the Government states

that it intends to offer testimony regarding the Defendant's repeated refusals to submit

saliva and blood samples, pursuant to two federal search warrants, as consciousness of

Defendant's guilt.  (Doc. 91 ¶ 4(c).

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial

on the admissibility and relevance of certain forecasted evidence." *United States v.*

*Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017).  A court may exercise its discretion

to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods.*

*Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed.

2d 538 (1986).  Nevertheless, a "trial court should exclude evidence on a motion in limine

only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F.

Supp. 3d at 406.  "[I]n limine rulings are not binding on the trial judge, and the judge may

always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753,

758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more

in-depth briefing than would be available at trial, a court may defer ruling on such motions "if

the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707

(E.D. Pa. 2012).  Indeed, "motions in limine often present issues for which final decision is

best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506,

518 n.10 (3d Cir. 1997).  Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of

questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v.*

*Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).  Moreover, "*pretrial*

Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the

potential relevance of evidence for Rule 403 purposes until it has a full record relevant to

the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859

(3d Cir. 1990) (emphasis in original).

### III. ANALYSIS

## A. Rule 404(b) Motion

The Government did not file a brief in support of its motion in limine related to the

introduction of Federal Rule of Evidence 404(b) and the issue is not addressed in the

"Government's Brief in Support of Motion in Limine to Impeach Defendant with Prior Conviction" (Doc. 92), the brief which addresses the introduction of evidence pursuant to Federal Rule of Evidence 609,[1] or the "Government's Brief in Support of the Motion in Limine to Permit Testimony Regarding Defendant's Refusal to Submit Saliva and Blood Samples Pursuant to a Warrant" (Doc. 93).  Therefore, further discussion of this motion is not warranted, and the Court will deny the Government's motion to introduce Rule 404(b) evidence at the second phase of the trial without prejudice.

**B. Rule 609 Motion**

With this motion in limine, the Government's addresses the admissibility of evidence under Federal Rule of Evidence 609, identifying two previous felony convictions it intends to introduce at trial if the Defendant testifies: Federal Felon in Possession of a Firearm in violation of Title 18, U.S.C. § 922(g)(1) for which Defendant was sentenced to sixty months in prison on May 11, 2011, in the Northern District of Ohio, and Ohio Aggravated Robbery for which Defendant was sentenced to four years in prison on May 23, 2005, in the Cuyahoga County Common Pleas Court.[2]  (Doc. 91 ¶ 4(b); Doc. 92 at 5.)  Defendant did not

_____

[1] The Certificate of Service accompanying the brief states that a copy of "Government's Brief in Support of its Federal Rule of Evidence 404(b) Notice and Motion in Limine to Admit Criminal Histories" was served.  (Doc. 92 at 19.)  No mention of Rule 404(b) is found in the brief.  (*See* Doc. 92.)

[2] The Government notes that, beyond the specifically identified 2005 and 2011 convictions the government is not seeking to introduce evidence of any further arrests, convictions, or juvenile delinquency adjudications of the defendant. However, if the Defendant opens the door to a 2003 Assault on a Peace Officer conviction, and a 2003 Bad Conduct Discharge from the USMC based upon insubordination, the Government will move the Court to allow impeachment of the defendant through these convictions. The defendant also had two

file a responsive brief and the time for doing so has passed.  Therefore, pursuant to Local

Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Defendant is

deemed not to oppose the motion.

Pursuant to Rule 609,

(a) **In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

(1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

. . . .

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and

(2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

(b) Limit on Using Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement from it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

---

open domestic violence cases and an open drug trafficking case in Cuyahoga County, Ohio, at the time of his arrest.

(Doc. 92 at 5 n.1.)

Fed. R. Evid. 609(a) (b).[3]

In determining whether a prior conviction is admissible under Rule 609, important factors a District Court should consider are: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant." *Gov't of V.I. v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982).

The Third Circuit has thoroughly explained how the Court should analyze these factors:

> When evaluating the first factor – the kind of crime involved – courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime. The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness. 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 609.06 [3][b] (2d ed.2011) [hereinafter *Weinstein's Federal Evidence* ]. Crimes of violence generally have lower probative value in weighing credibility, but may still be admitted after balancing the other factors. In contrast, crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible. *Id.*

> With respect to the similarity of the crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried. As the Fourth Circuit has explained:

>> Admission of evidence of a similar offense often does little to impeach the credibility of a testifying defendant while undoubtedly prejudicing him. The jury, despite limiting instructions, can hardly

---

[3] As noted by the Third Circuit, the language of Rule 609(a)(1)(B) "reflects a heightened balancing test and a reversal of the standard for admission under Rule 403." *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir. 2014).

avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged. The generally accepted view, therefore, is that evidence of similar offenses for impeachment purposes under Rule 609 should be admitted sparingly if at all.

*United States v. Sanders,* 964 F.2d 295, 297-98 (4th Cir.1992) (quoting *United States v. Beahm,* 664 F.2d 414, 418–19 (4th Cir.1981)); *see also Weinstein's Federal Evidence* § 609.05[3][d] ("[P]rior convictions for the same or similar crimes are admitted sparingly."); Wright & Gold, *Federal Practice and Procedure* § 6134, at 253 ("[T]he danger of unfair prejudice is enhanced if the witness is the accused and the crime was similar to the crime now charged, since this increases the risk that the jury will draw an impermissible inference under Rule 404(a)."); *cf. United States v. Hans,* 738 F.2d 88, 94 (3d Cir.1984) (finding that district court did not abuse its discretion by excluding evidence of prior crime because it was "too similar" to the charged offense).

The second factor is the age of the prior conviction. Convictions more than ten years old are presumptively excluded and must satisfy the special balancing requirements in Rule 609(b) to overcome this presumption. But even where the conviction is not subject to the ten-year restriction, "the passage of a shorter period can still reduce [a prior conviction's] probative value." Wright & Gold, *Federal Practice and Procedure* § 6134, at 258. The age of a conviction may weigh particularly in favor of exclusion "where other circumstances combine with the passage of time to suggest a changed character." *Id.* For example, a prior conviction may have less probative value where the defendant-witness has maintained a spotless record since the earlier conviction or where the prior conviction was a mere youthful indiscretion. Conversely, the probative value of an older conviction may remain undiminished if the defendant was recently released from confinement or has multiple intervening convictions, both of which could suggest his character has not improved. *See id.* § 6134, at 259 (collecting cases).

The third factor inquires into the importance of the defendant's testimony to his defense at trial. "The tactical need for the accused to testify on his or her own behalf may militate against use of impeaching convictions. If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." Glenn Weissenberger & James J. Duane, *Weissenberger's*

*Federal Evidence* § 609.2 (4th ed.2001); *see also Weinstein's Federal Evidence* § 609.05[3][e] ("A defendant's decision about whether to testify may be based in part on whether his prior convictions will be admitted for impeachment purposes. Thus, the fact that a defendant's testimony is important to demonstrate the validity of his or her defense constitutes a factor weighing against the admission of a prior conviction."). "If, on the other hand, the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." *Weinstein's Federal Evidence* § 609.05[3][e]; *see also United States v. Causey,* 9 F.3d 1341, 1344 (7th Cir.1993) (noting that prejudicial impact diminished where defendant "did not obviously need to testify to raise his various defenses" because several other defense witnesses provided the same testimony).

The final factor concerns the significance of the defendant's credibility to the case. "When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction." *Weinstein's Federal Evidence* § 609.05 [3][f]. *See United States v. Johnson,* 302 F.3d 139, 153 (3d Cir.2002) (affirming admission of prior conviction under Rule 609(a) because the defendant's credibility was important). Conversely, the probative value of a defendant's prior conviction may be diminished "where the witness testifies as to inconsequential matters or facts that are conclusively shown by other credible evidence." Wright & Gold, *Federal Practice and Procedure* § 6134, at 258.

*United States v. Caldwell*, 760 F.3d 267, 286-288 (3d Cir. 2014).[4]

Here, the Government's motion is premature because it is unknown whether Defendant will testify at trial.  Should Defendant choose to testify in his own defense, the Government's request to introduce the identified prior convictions will be subject to timely renewal.

---

[4] In setting forth the four-factor balancing test, the Third Circuit "acknowledge[d] the tension between the related third and fourth factors", i.e. the apparent tension between the importance of the defendant's testimony to the case with the importance of the credibility of the defendant, but nonetheless concluded that "these factors have long been accepted as independent components of the Rule 609(a)(1) balancing inquiry and we conclude that they should continue to inform the district court's admissibility determination." *Caldwell*, 760 F.3d at 287 n.14.

## C. Evidence Related to Saliva and Blood Samples

With the third motion in limne, the Government seeks to admit evidence to permit testimony regarding Defendant's refusal to submit saliva and blood samples pursuant to a warrant.  (Doc. 91 ¶ 4(c); Doc. 93.)  (Doc. 91 ¶ 4(b); Doc. 92 at 5.)  Defendant did not file a responsive brief and the time for doing so has passed.  Therefore, pursuant to the Local Rule 7.6 of the Local Rules of Court of the Middle District of Pennsylvania, Defendant is deemed not to oppose the motion.

Pursuant to Federal Rule of Evidence 401, evidence is relevant if

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

(Fed. R. Evid. 401.)  Pursuant to Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statue, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise.  Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government presents the following factual averments in support of its motion:

- On November 22, 2020, a Cobra FS380 .380 caliber semi- automatic handgun, S/N FS112393 was recovered from the ground directly underneath the defendant at the location of his arrest. On May 11, 2021,

Forensic Scientist Sarah M. Worsnick, Pennsylvania State Police ("PSP"), Wyoming Reginonal Laboratory, prepared two swabs from the grip, trigger, and slide, of the above-described firearm and forwarded said swabs to the PSP Forensic DNA Division.

- On September 29, 2021, Forensic DNA Scientist Travis Miller, PSP Forensic DNA Division, conducted a DNA analysis and identified a DNA profile, consistent with the mixture of at least four (4) individuals from the swabs of the grip, trigger, and slide of the above- described firearm. In a contemporaneously generated report, Miller asked that a blood or buccal sample from an individual be submitted to the laboratory for a direct DNA comparison.

- On February 15, 2022, United States Magistrate Judge Joseph F. Saporito, Jr. signed a search warrant authorizing the collection of a saliva sample from the defendant in order for that sample to be compared to the DNA profile found on the above-described firearm.

- On February 17, 2022, at the first day of the multi-day suppression hearing in this case, the defendant refused to comply with that warrant when asked by Special Agent Abboud while inside the courtroom of this Court.

- On February 23, 2022, the defendant again refused to comply with the warrant and provide a saliva sample when confronted with the warrant by Special Agent Abboud at the Lackawanna County Jail. Investigators were later informed that "force orders" would not be used for saliva samples of inmates at Lackawanna Jail because of the risk for injury to jail staff (i.e. biting, etc.).

- On March 31, 2022, United States Chief Magistrate Judge Karoline Mehalchik signed a second warrant, authorizing the collection of a blood sample from the defendant, on or before April 14, 2022.

- On April 14, 2022, Special Agent Abboud attempted to collect a blood sample from the defendant at Lackawanna County Prison to which the defendant refused to comply with the warrant.

(Doc. 93 at 2-4.)

Based on Defendant's failure to comply with the warrants, the Government seeks to present testimony from Special Agent Abboud regarding Defendant's repeated refusal to comply with the search warrants as relevant evidence of Defendant's consciousness of guilt.  (Doc. 93 at 4.)  The Government proffers that

> the testimonial evidence would show that the defendant's refusal to provide DNA samples ultimately prevented a comparison from the DNA profile found on the gun to the Defendant's DNA profile. Evidence of that comparison would have a tendency to make the fact of the defendant's possession of that gun more or less probable, depending on the outcome of the analysis. By refusing to comply with the warrant and prevent that comparison, the defendant displayed a consciousness of guilt. It is relevant evidence. *See South Dakota v. Neville*, 459 U.S. 553, 564; *Deering v. Brown*, 839 F.2d 539, 542 (9 th Cir. 1988)(refusal to submit to blood test shows consciousness of guilt); *United States v. Franklin*, 2000 WL 217527 at *n.1 (E.D.P.A. February 14, 2000)(Van Antwerpen, J.)(evidence that defendant refused to provide blood for DNA testing was admissible as consciousness of guilt); *compare United States v. Runyan*, 290 F.3d 223, 249 (5th Cir. 2002)(defendant's refusal of a warrantless search may not be presented as evidence of guilt)(italics added).

(Doc. 93 at 8.)  The Government also cites *United States v. Ashburn*, 76 F. Supp. 3d 401, 443-49 (E.D.N.Y. 2014), where the Court found that evidence of the defendant's refusal to submit to valid DNA warrants was admissible as consciousness of guilt but the *manner* in which the defendant refused (use of abusive language toward agents) was irrelevant and prejudicial.  (*Id.* at 9.)  Finally, the Government cites *South Dakota v. Neville*, 459 U.S. 564 (1983), and *Hanson v. Dragovich*, 426 F. App'x 50, 56 (3d Cir. 2011) (not precedential) for the proposition that refusal to take similar tests does not implicate Fifth Amendment rights.  (Doc. 93 at 9.)

Based on the foregoing authority and the facts of this case, the Court finds that evidence of Defendant's refusal to comply with valid search warrants is relevant for the reasons identified by the Government. Further, the Court finds no basis to conclude that the probative value of the evidence related to Defendant's refusal to comply with valid search warrants should be excluded pursuant to Federal Rule of Evidence 403.[5]

## IV. CONCLUSION

For the reasons set forth above, the Government's motion in limine regarding the introduction of evidence pursuant to Federal Rule of Evidence 404(b) will be denied without prejudice, the Government's motion in limine to introduce evidence pursuant to Federal Rule of Evidence 609 will be denied without prejudice, and the motion in limine regarding introduction of evidence concerning Defendant's refusal to comply with search warrants for DNA and blood samples will be granted. A separate Order will be entered.

Robert D. Mariani
United States District Judge

---

[5] The determination that such evidence is relevant and admissible does not extend to the manner in which Defendant refused to comply with the warrants should the Government seek to introduce evidence on that aspect of Defendant's refusals. *See Ashburn*, 76 F. Supp. 3d at 443-44.