THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:21-CR-66 |
| | : (JUDGE MARIANI) |
| RASHAWN HAWARI-RASULULLAH, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

On March 16, 2021, Defendant Rashawn Hawari-Rasulullah was charged in a three-count Indictment: Count 1 for knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C); Count II for knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count 3 felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 at 1-2.)  The Indictment also contains a forfeiture allegation, seeking forfeiture of approximately $2,727.00, the .380 caliber Cobra FS380 handgun, serial number FS112393 related to Counts 2 and 3 of the Indictment, and assorted pistol ammunition.  (Doc. 1 at 4.) Trial is scheduled to commence on November 7. 2022.

Here, the Court considers Defendant's two motions in limine: "Motion in Limine to Exclude Statements . . . of Hearsay Made by Officers Pursuant to Fed. R. Evid. 401, 403,

802" (Doc. 94); and "Motion in Limine to Exclude Firearm (Cobra .380, SN. FS112393) Evidence at Jury Trial Pursuant to Fed. R. Evid. 401, 402, 403, 801" (Doc. 95.)

## II. STANDARD OF REVIEW

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). A court may exercise its discretion to rule in limine on evidentiary issues "in appropriate cases." *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Nevertheless, a "trial court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *Tartaglione*, 228 F. Supp. 3d at 406. "[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, 120 S. Ct. 1851, 146 L. Ed. 2d 826 (2000).

Further, while motions in limine may serve as a useful pretrial tool that enables more in-depth briefing than would be available at trial, a court may defer ruling on such motions "if the context of trial would provide clarity." *Frintner v. TruePosition*, 892 F. Supp. 2d 699, 707 (E.D. Pa. 2012). Indeed, "motions in limine often present issues for which final decision is best reserved for a specific trial situation." *Walden v. Georgia-Pacific Corp.*, 126 F.3d 506, 518 n.10 (3d Cir. 1997). Thus, certain motions, "especially ones that encompass broad

classes of evidence, should generally be deferred until trial to allow for the resolution of questions of foundation, relevancy, and potential prejudice in proper context." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013). Moreover, "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original).

### III. ANALYSIS

With both of his motions in limine, Defendant seeks to preclude evidence based on Federal Rules of Evidence concerning relevance and hearsay.

Pursuant to Federal Rule of Evidence 401, evidence is relevant if

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

(Fed. R. Evid. 401.) Pursuant to Federal Rule of Evidence 402, relevant evidence is admissible unless the United States Constitution, a federal statue, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Federal Rule of Evidence 801 provides definitions that apply to hearsay rules and identifies exlcusions from hearsay rules. In pertinent part, Rule 801 states as follows:

> **(a) Statement.** "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.
>
> **(b) Declarant.** "Declarant" means the person who made the statement.
>
> **(c) Hearsay.** "Hearsay" means a statement that:
>
> > **(1)** the declarant does not make while testifying at the current trial or hearing; and
> >
> > **(2)** a party offers in evidence to prove the truth of the matter asserted in the statement.

Fed. R. Evid. 801(a)-(c).

Federal Rule of Evidence 802 provides that hearsay is not admissible unless a federal statute, the Federal Rules of Evidence, or the other rules prescribed by the Supreme Court provide otherwise.

## A. Exclusion of Hearsay Statements

Defendant asserts that two statements made in the Affidavit of Probable Cause which led to the search of his vehicle should be excluded: 1) that he was traveling from a known source drug area to another source drug area; and 2) that he was traveling on the known drug corridor of Interstate 80. (Doc. 94 at 1.) He alleges that the statements should be excluded because they are hearsay and unfairly prejudicial. (*Id.* at 2.)

The Government responds that it does not seek to admit the information through a search warrant. (Doc. 98 at 6.) Rather, the Government intends to introduce the evidence

4

through expert testimony and through testimony from officers who interacted with Defendant on November 20, 2020, the day he was stopped on I-81 who were aware of the information at the time. (Doc. 98 at 6.)  Because evidence introduced in this manner is not hearsay pursuant to Rule 801, the Court will not exclude it on hearsay grounds.

Nor will the Court exclude the evidence pursuant to Rule 403.  Although Defendant cites the "unfair prejudice" basis for exclusion under Rule 403 and implies that this exclusion applies to the drug corridor and source area statements and further implies that the information "has an undue tendency to suggest decision on an improper basis" (see Doc. 94 at 2 (citing Old Chief v. United States, 509 U.S. 172, 180 (1997)), he provides no analysis or argument to support a determination that exclusion is warranted. Therefore, the Court will deny Defendant's motion.  However, the motion will be denied without prejudice to timely renewal at trial should the circumstances presented at the time give rise to a proper objection.

## B. Exclusion of Firearm

Defendant maintains that evidence of the firearm should be excluded because he was never seen in possession of a firearm, the MVR recordings do not mention or show a firearm, the firearm was not reported found in his vehicle, and the firearm was never reported stolen.  (Doc. 95 at 1-2.)  Defendant states that Officer Lazarchik's statement about finding the firearm in the area "could be seen as relevant however MVR recordings suggest

otherwise." (*Id.* at 2.) On this basis, Defendant invokes Rule 403's unfair prejudice basis for exclusion. (*Id.*)

The Government argues, evidence of the firearm should be admitted because it has a tendency to make Defendant's possession of the firearm more or less probable. (Doc. 98 at 6.) Clearly evidence of the firearm is relevant to Count II for possession of a firearm in furtherance of a drug trafficking offense and to Count III for felon in passion of a firearm. Further, Defendant has not provided a basis to conclude that the danger of unfair prejudice substantially outweighs its indisputable probative value. Therefore, the Government will be allowed to present evidence and testimony related to the firearm in its case-in-chief. Regarding his alleged bases for exclusion of evidence of the firearm, Defendant may cross-examine Government witnesses presenting related evidence and he may present evidence in support of his allegations.

## IV. CONCLUSION

For the reasons set forth above, the "Motion in Limine to Exclude Statements . . . of Hearsay Made by Officers Pursuant to Fed. R. Evid. 401, 403, 802" (Doc. 94) will be denied without prejudice and the "Motion in Limine to Exclude Firearm (Cobra .380, SN. FS112393) Evidence at Jury Trial Pursuant to Fed. R. Evid. 401, 402, 403, 801" (Doc. 95) will be denied with prejudice. A separate Order will be entered.

Robert D. Mariani
United States District Judge