THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : 3:21-cr-66 | |
| v. | : (Judge Mariani) | |
| | : | |
| RASHAWN HAWARI-RASULULLAH, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM OPINION

Here the Court considers Defendant Rashawn Hawari-Rasulullah's objections to the

Presentence Investigation Report ("PSR") (Doc. 194). Defendant's objections are found in

his "Reply to Presentence Investigation Report" as set forth in the Addendum to the

Presentence Report ("Addendum") filed on March 23, 2023. (*See* Doc. 195 at 4-8.) The

Court will address the objections as they are categorized by Defendant.

## I. ANALYSIS

### a. Release Status

The PSR states that Defendant was released on bond on the state charges related

to this case on December 22, 2020. (Doc. 194 at 1.) Defendant maintains that he was

released on December 8, 2020. (Doc. 195 at 4.) The Addendum identifies the source of

the December 22, 2020, release date to be records from the Monroe County Clerk of

Courts, Stroudsburg, Pennsylvania. (Doc. 195 at 1.) Defendant provides no supporting

documentation for the alleged December 8, 2020, release date.  Therefore, Defendant's objection related to his release date on state charges is overruled.

The PSR also states that Defendant was arrested and detained on the instant federal charges on March 30, 2021.  (Doc. 194 at 1.)  Defendant claims that he was arrested and detained on these charges between March 19, 2021, and March 27, 2021, in the Youngstown, Ohio, County Jail.  (Doc. 195 at 4.)  The Addendum verifies the March 30, 2021, release date based on records from the Northern District of Ohio, and Defendant has provided no documentation in support of the dates he alleges.  Therefore, Defendant's objection related to his Ohio arrest on the instant charges is overruled.

## b.  The Offense

### 1.  Arrest Date

Defendant again asserts that he was not arrested on March 30, 2021, on the instant charges as stated in the PSR (PSR ¶ 1).  (Doc. 195 at 5.)   This objection is overruled for the reason stated above.

### 2.  Offense Conduct

Defendant objects to the narrative of the offense conduct as set out in paragraphs 5 through 8 of the PSR.  (Doc. 195 at 5.)  He does so by stating that he "does not stipulate to the narrative set forth, which is nothing more than conjecture." (*Id.*)  As stated in the Addendum,

> [t]he information contained in paragraph's [sic] 5 through 8 (the offense conduct) was provided by the Government and presented to a jury who found

2

the defendant guilty on Counts 1, 2, and 3 of the Indictment. The paragraphs
set forth details of the investigation and the defendant's role in the offense.

(Doc. 195 at 1.) The Court concludes that Defendant's conclusory assertion regarding the

PSR's recitation of the offense conduct does not show error. Therefore, Defendant's

objection to paragraphs 5 through 8 of the PSR is overruled.

## 3. Victim Impact

Defendant objects to the victim impact information based on his assertion that no

federal charges were filed related to the identified victim, Pennsylvania State Trooper Kody

Nowicki, and Trooper Nowicki brought harm upon himself. (Doc. 195 at 5.) The PSR

identifies the harm suffered by Nowicki. (PSR ¶ 9.) Evidence presented at trial clearly links

the harm suffered by Nowicki to Defendant's attempt to flee the scene of the traffic stop

which led to the federal drug and weapons charges in this case. Therefore, a nexus exists

between the charges filed and harm to Trooper Nowicki. Further, evidence presented at

trial does not support Defendant's assertion that Trooper Nowick brought harm upon

himself. For these reasons, Defendant's objection to PSR ¶ 9 is overruled.

## 4. Adjustment for Obstruction of Justice

The PSR states that Defendant "created a substantial risk of death or serious bodily

injury when he attempted to flee from law enforcement, endangered law enforcement

officers, and resisted arrest. A Pennsylvania state trooper was injured." Defendant appears

to consider his November 22, 2020, conduct during the traffic stop to be irrelevant to the

federal charges on which he was found guilty. His later arrest "without incident" on the

3

federal charges in Ohio (*see* Doc. 195 at 5) does not negate his conduct on the day of his

arrest on state charges (November 22, 2020) which form the basis of the charges contained

in the Indictment.  Therefore, Defendant's objection to PSR ¶ 10 is overruled.

### c. Offense Level Computation

Defendant objects to the computation of his offense level based on his classification

as a felon and upward adjustments for obstruction of justice.  (Doc. 195 at 7.)  The Court

has overruled his objection regarding obstruction of justice.  *See supra*.  Defendant's

objection based on his classification as a felon is without merit: on December 19, 2022, a

jury found Defendant guilty of the Felon in Possession of a Firearm charge.  (*See* Doc. 156

at 1.)  Therefore, Defendant's objection regarding his offense level computation is overruled.

### d. Criminal History

Defendant states that his criminal history category should be I because his total

criminal history score is zero.  (Doc. 195 at 7.)  He does not point to any specific error in the

calculation set out in the PSR (*see* PSR ¶¶ 29-35) which concludes that Defendant's total

criminal history score of six establishes a criminal history category of III (*id*. ¶ 35).[1]  Because

Defendant provides no specific basis upon which to find the PSR calculation in error, his

criminal history category objection is overruled.

---

[1] The PSR identifies the following adult criminal convictions: 2003 Assault and Resisting Arrest; 2003 Unauthorized Absences in Violation of 86 UCMJ and Insubordinate Conduct in Violation of Article 91 of UCMJ; 2004 Criminal Simulation; 2004 Aggravated Robbery; and 2010 Felon in Possession of a Firearm.  (PSR ¶¶ 30-34.)  Defendant was assigned criminal history points only for the 2004 Aggravated Robbery conviction (3 points) and the 2010 Felon in Possession of a Firearm conviction (3 points).  (*Id*. ¶¶ 33-34.)

4

**e. Pending Charges**

In objection to PRS ¶ 38, Defendant again takes issue with the date he was released on bond on state charges. (Doc. 195 at 6.) This objection is overruled for the reasons stated above. *See supra* p. 1. Defendant also states that the state case was "dismissed in favor of federal charges" (*id*.) where the PSR states "2/24/22: nolle prose petition filed by the District Attorney remains active" (PRS ¶ 38). Because Defendant provides no documentation to support his objection, the objection to ¶ 38 is overruled.

**f. Offender Characteristics**

Defendant objects to "Personal and Family Data" (PSR ¶¶ 43-47), "Physical Condition" (*id*. ¶ 48), "Substance Abuse" (*id*. ¶ 50); "Educational Vocational Skills" (*id*. ¶ 51), "Military Record" (*id*. ¶ 52), and "Employment Record" (*id*. ¶¶ 53-57). (Doc. 195 at 6.) In each case, Defendant objects merely by stating "inaccurate." (Id.) Without presenting the precise basis for the inaccuracy, Defendant's objections are without merit and are, therefore, overruled.

**g. Sentencing Options**

**1. Statutory Provisions**

Although Defendant identifies Statutory Provisions related to custody in his "Reply to Presentence Investigation Report" (*see* Doc. 195 at 5), he does not state any basis for objecting to the statutory provisions set out in the PSR (PSR ¶ 60). Therefore, this objection is overruled.

**2.  Guideline Provisions**

Defendant asserts that his total offense level is 16 (rather than 24) and his criminal history category is I (rather than III).  The Court has overruled Defendant's specific objections regarding offense level and criminal history category.  *See supra*.  Therefore, his objection to the Guideline Provisions in the Sentencing Options portion of the PSR (PSR ¶ 62) is overruled.

**3.  Supervised Release**

Defendant's statement that he objects "to any form of supervision after doing my prison sentence" (Doc. 195 at 8) provides no basis to undermine information set out in the "Supervised Release" section of the PSR (PSR ¶¶ 64-66).  To the extent the statement is considered an objection to the PSR's findings related to supervised release, the objection is overruled.

**4.  Standard and Mandatory Conditions of Supervision**

Defendant's notation "objecting to conditions" (Doc. 195 at 8) provides no basis to undermine the conditions set out in the PSR (*see* PSR ¶ 68).  Therefore, to the extent it is considered an objection, it is overruled.

**5.  Additional Conditions**

Defendant's statement "[o]bjecting to conditions" provides no basis to undermine the Additional Conditions of Supervision" set out in the PSR (*see* PSR ¶ 69).  Therefore, to the extent the statement is considered an objection,  it is overruled.

## 6. Fines

Defendant states that he is "objecting to any fines." (Doc. 195 at 8.) He provides no further information as to a basis for objection to any information set out in this section of the PSR (*see* ¶¶ 70-73). Therefore, this objection is overruled.

## II. CONCLUSION

For the foregoing reasons, Defendant's objections to the PSR are overruled. A separate Order will be entered.

Robert D. Mariani
United States District Judge